# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MARCO ANTONIO PALACIOS, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cr-00445-GMN-PAL-3 <br><br> **ORDER** |

Pending before the Court is the Motion in Limine (ECF No. 75) filed by Defendant Marco Antonio Palacios ("Defendant") on October 14, 2014, seeking to exclude evidence of an interpreter's statements to law enforcement that the government is attempting to attribute to Defendant. Pursuant to Local Criminal Rule 12-1(a)(2), the government's response was due on by October 31, 2014. No response has been filed. Failure of an opposing party to file points and authorities in response to any motion constitutes consent to granting the motion. LCR 47-9. Moreover, the Court notes that there is significant evidence in the record of the interpreter's lack of qualifications and poor language skills that calls into question the interpreter's ability to accurately translate the statements made by Defendant. It therefore appears that these statements may not "fairly [] be considered the statements" of Defendant and are inadmissible hearsay. *See United States v. Romo-Chavez*, 681 F.3d 955, 959 (9th Cir. 2012) *cert. denied,* 133 S. Ct. 995 (2013) (citing *United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir. 1991)). Accordingly, the Court finds that it is appropriate to grant Defendant's motion at this time.

The Court notes, however, that i*n limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in*

*limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). Therefore, should the government at a later time present sufficient evidence that the interpreter's statements can be attributed to Defendant, those statements may become admissible at trial.

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine (ECF No. 75) is **GRANTED**. The statements of the interpreter to law enforcement may not be attributed to Defendant and are inadmissible.

**DATED** this 12th day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge